Date signed October 10, 2008



JAMES F. SCHNEIDER
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| JOHN WEBSTER JACOBS, | * | Case No. 05-36176-JS |
| Debtor | * | Chapter 7 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROSEMARIE JACOBS, | * | |
| Plaintiff | * | |
| v. | * | Adv. Proc. No.  05-9222-JS |
| JOHN WEBSTER JACOBS, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

*MEMORANDUM OPINION GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO ABSTAIN, AND GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S  MOTION FOR SUMMARY JUDGMENT*

This matter is before the Court on the motion of the plaintiff for summary

judgment [P. 40] and the amended motion of the defendant for abstention [PP. 41 and

P. 42]. Additionally, the plaintiff has moved to strike the defendant's amended opposition to plaintiff's motion for summary judgment as untimely filed [P. 49]. For the reasons stated, the motion for abstention will be granted in part and denied in part, the motion to strike will be denied as moot, and the Motion of Rosemarie Jacobs will be granted in part and denied in part as moot.

## *FINDINGS OF FACT*

1. On January 27, 1998, the plaintiff, Rosemarie Jacobs ("Rosemarie") filed a complaint for divorce against the debtor/defendant John Jacobs ("John") in the Court of Common Pleas of York County, Pennsylvania. On September 15, 2004, a consensual domestic relations order (the "DRO") was entered that related to John's military pension. Plaintiff's Exhibit G.[1]

2. Paragraph 6 of the DRO stated: "[John] assigns to [Rosemarie] an interest in [John's] disposable military retired pay. [Rosemarie] is entitled to a direct payment in the amount specified below and shall receive payments at the same time as [John]." *Id.*

3. Paragraph 8 of the DRO assigned 50% of the pension to Rosemarie as payment of her marital property rights.

---

[1] John served in the military for over ten years and was entitled to receive a pension, which was to be paid by the Defense Finance and Accounting Service ("DFAS").

2

4. Paragraph 9 provided that "DFAS is hereby ordered to deduct [Rosemarie's] alimony award of 15% of the Participant's gross monthly retired pay, and remit it directly to [Rosemarie]..." *Id.*

5. Paragraph 18 of the DRO provided that if for any reason DFAS does not pay the required monthly amounts, Rosemarie may pursue John directly.

6. On October 11, 2005, six days before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), John filed a voluntary Chapter 7 bankruptcy petition in this Court.

7. On October 16, 2005, John filed his schedules of assets and liabilities [P. 10]. On schedule B, John listed his military pension as his personal property, to which he assigned an undetermined value. On Schedule C, he declared the pension as exempt pursuant to Maryland Courts and Judicial Proceedings Code, § 11-504(h).

8. On December 22, 2005, Rosemarie filed an objection [P. 21] to a number of John's claimed exemptions, including the military pension.

9. On December 29, 2005, Rosemarie filed the instant complaint against John as to the dischargeability of a number of debts, including his obligations under the DRO.

10. On April 3, 2006, this Court approved a consent order [P. 37] between the parties that resolved most of Rosemarie's objections to exemptions. Certain

objections were sustained while others were overruled. However, the parties have not been able to agree as to a classification of the 15% accorded to Rosemarie by Paragraph 9 of the DRO or the contingent liability under Paragraph 18. Therefore, the consent order provided as follows:

> ORDERED that the Debtor's claims of exemption for the following property are allowed, except as to Rosemarie's claim of ownership or entitlement pursuant to the terms of the Master's Report, Supplemental Master's Report, Order Adopting Reports, DRO, and Divorce Decree (collectively the "**Domestic Relations Orders**"):

| Description of Property | Amount | Listed Value |
|---|---|---|
| Tax deferred annuity with Mutual of America Life Insurance Co. No. ***3-6-70 | Total | Undetermined |
| IRA Account No. ***3-656 maintained at Fidelity Investments | Total | Undetermined |
| Military Pension | Total | Undetermined |

Order at 3.

11. Accordingly, Rosemarie has requested this Court to determine that the 15% is her property under the DRO. On the other hand, John has requested that this Court abstain from deciding the issue, in order for the state court to interpret its own order. In the alternative, John requests that this Court determine the property to be a non-

dischargeable debt under 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15).[2] Additionally, Rosemarie requests that the contingent liability under Paragraph 18 be declared nondischargeable, while John opposes.

12. If the 15% is declared to be a nondischargeable debt for alimony, it may be subject to a later reduction when and if the state court reduces the debtor's obligation to pay alimony repayments, or may be dispensed with due to the plaintiff's remarriage.

13. On December 14, 2007, Rosemarie filed the instant motion for summary judgment [P. 40] and John filed the instant motion for abstention [P. 41], which he amended on December 15, 2007 [P. 42]. On December 18, 2007, Rosemarie filed an opposition to John's motion to abstain [P. 43]. On January 25, 2008, Rosemarie filed a motion to strike John's amended opposition [P. 49]. A hearing was held, after which the parties submitted supplemental briefs [P. 55, 56].

14. On June 2, 2008, this Court approved a consent order [P. 59] which resolved all issues except that relating to the military pension.

---

[2]Because the debtor commenced his bankruptcy case before the effective date of BAPCPA, the prior versions of 11 U.S.C. § 523(a)(5) and (a)(15) are applicable.

5

*CONCLUSIONS OF LAW*

1. The Court need not consider the timeliness of John's motion to abstain or John's "consent" to the Bankruptcy Court's jurisdiction. The Bankruptcy court "has the inherent power to question its own jurisdiction in any given case, and its ability to dismiss a cause of action for want of subject matter jurisdiction is not dependent upon the timeliness of a motion to dismiss." *See First Nat'l Bank of Maryland v. United States Wall Corp. (In re Incor, Inc.)*, 100 B.R. 790, 793 (Bankr. D. Md. 1989), *citing* 1 COLLIER ON BANKRUPTCY, ¶ 3.01[2][c] (15th ed. 1988).

2. Bankruptcy subject matter jurisdiction is conferred by statute. Section 1334(a) of the United States Judicial Code provides that the United States district courts "shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). Section 1334(b) provides that the United States district courts "shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[3] 28 U.S.C. § 1334(b). Section 1334(b) is the only statute that provides a jurisdictional basis for a bankruptcy court

---

[3]If the district court has jurisdiction, it may refer the matter to the bankruptcy court, which is a unit of the district court. 28 U.S.C. § 157; 28 U.S.C. § 151. In this district, as in all U.S. districts, the reference is automatic. *See* Local District Rule 402, Rules of the United States District Court for the District of Maryland.

to conduct civil proceedings. *Valley Historic Ltd. P'ship v. Bank of NY*, 486 F.3d. 831, 838 (4th Cir. 2007) ("the Debtor would still have had to establish jurisdiction under § 1334(b), since § 1334(e) does not by itself create jurisdiction to conduct civil proceedings").

    3. The Fourth Circuit has stated that "the test for determining whether a civil proceeding is "related to" bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 625 (4th Cir. 1997) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984); *see also A. H. Robins Co. v. Piccinin (In re A. H. Robins Co.)*, 788 F.2d 994, 1002 n. 11 (4th Cir. 1986) ("The accepted definition of the 'related to' in these statutes is that declared in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984): "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) *and* which in any way impacts upon the handling and administration of the bankrupt estate."). (Emphasis added).

    4. The creation of the bankruptcy estate is governed by 11 U.S.C. § 541(a), which provides that "[t]he commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b)

and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case..." 11 U.S.C. § 541(a).

5. Prior to the effective date of BAPCPA, Section 522(b)(1) of the Code provided: "Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection."[4] *Id.* Paragraph 1 authorized a debtor to use federal exemptions, while paragraph 2 authorized a debtor to select state law exemptions. Maryland limits debtors in this district to claim only state law exemptions. Md. Cts & Jud. Proc. Code Ann. § 11-504(g).

6. John claimed that his military pension was exempt under Md. Cts & Jud. Proc. Code Ann. § 11-504(h), which allows an exemption for retirement plans qualified under certain sections of the Internal Revenue Code. Under *Taylor v. Freeland & Kronz*, 503 U.S. 638, 112 S. Ct. 1644, 118 L. Ed. 2d 280 (1992), when the time to object to an exemption has expired under Bankruptcy Rule 4003, the exemption is conclusively deemed valid. Rosemarie objected to the exemption in a timely manner, but the objection was resolved by the consent order that this Court

---

[4]BAPCPA changed the enumeration of the referenced paragraphs from (1) and (2) to (2) and (3). However, no substantive changes were made.

approved, which allowed the exemption except as to Rosemarie's claim of "ownership or entitlement," pursuant to various documents created during the divorce.

7. Essentially, the parties agreed that 15% of John's military pension at issue was not part of the estate. Their only remaining disagreement related to the reason it was not property of the estate. While John maintained that it was exempt under §11-504(h) and subject only to Rosemarie's claim that it was a nondischargeable debt, Rosemarie asserted that it was her property under the DRO.

8. Under either theory, this Court has no subject matter jurisdiction to decide the issue, because the parties have agreed and this Court has found that the military pension is exempt, and therefore not property of the debtor's bankruptcy estate.

9. The question of whether Section 1334 confers subject matter jurisdiction to administer exempt property has divided the courts. *See Matter of McClellan*, 99 F.3d 1420, 1422 (7th Cir. 1996); *Turner v. Ermiger (In re Turner)*, 724 F.2d 338, 341 (2d Cir. 1983); *Graziadei v. Graziadei (In re Graziadei)*, 32 F.3d 1408, 1410 (9th Cir. 1994); *In re Williams*, 249 B.R. 222, 223 (Bankr. D. D.C. 2000); *Wesche v. IRS (In re Wesche)*, 178 B.R. 542, 543 (Bankr. M.D. Fla. 1995) ("Although the determination of whether property is exempt is a core proceeding, the later determination of the rights in that property is not.); *but see Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993) ("[T]he bankruptcy court's jurisdiction includes all *property of the*

9

*debtor* and of the bankruptcy estate.) (emphasis added); *Scrivner v. Mashburn (In re Scrivner)*, 370 B.R. 346, 354-55 (10th Cir. BAP 2007); *Wal-Mart Stores, Inc. v. Carpenter (In re Carpenter)*, 245 B.R. 39, 52 (Bankr. E.D. Va. 2000), aff'd without discussing jurisdictional issues, 252 B.R. 905 (E.D. Va. 2000), aff'd without discussing jurisdictional issues, 36 Fed. Appx. 80 (4th Cir. 2002) (unpublished) (bankruptcy court had jurisdiction to impose equitable lien on exempt personal injury claim); *Dept. of Agriculture v. Huff (In re Huff)*, 343 B.R. 136, 140 (W.D. Pa. 2006) (bankruptcy court had jurisdiction to determine whether Department of Agriculture had improperly compelled IRS to withhold otherwise exempt tax refund).

10. This Court holds that it lacks subject matter jurisdiction to determine the ownership of property outside of the estate. Decisions of the Fourth Circuit in *Celotex*, *A. H. Robins*, and *Valley Historic* preclude this Court from exercising jurisdiction over a civil proceeding the outcome of which does not affect property of the bankruptcy estate.[5]

11. Section 522(c) of the Bankruptcy Code provides an added complication. Prior to BAPCPA, it provided: "Unless the case is dismissed, property exempted

---

[5]While the complaint is framed as a nondischargeability action, and many of the original counts were indeed such, this last remaining element can more exactly be defined as an effort to determine ownership of property. By operation of law, that property has been excluded from the estate.

under this section is not liable during or after the case for any debt of the debtor that arose... before the commencement of this case, except – (1) a debt of a kind specified in section 523(a)(1) or 523(a)(5)[6] of this title." *Id.*

12. While it is indeed correct Section 522(c)(1) provides that exemptions may not be used to defeat liability for alimony or child support claims that would be nondischargeable under 11 U.S.C. § 523(a)(5), that section does not amount to a jurisdictional grant. At least four published opinions have found, post-BAPCPA, that the newly-amended Section 522(c)(1), which was strengthened by BAPCPA, does not bring exempt property into the bankruptcy estate when there is a Section 523(a)(5) claimant. *See In re Covington*, 368 B.R. 38, 40-41 (Bankr. E.D. Cal. 2006) (Section 522(c)(1) did not permit Chapter 7 trustee to administer exempt property for the benefit of ex-spouse because exemption removed that property from bankruptcy estate); *In re Ruppel*, 368 B.R. 42, 44 (Bankr. D. Or. 2007) (Chapter 7 trustee's objection to exemption overruled because presence of Section 523(a)(5) claimant did not destroy exempt status of property); *In re Quezada*, 368 B.R. 44, 47 (Bankr. S.D.

---

[6]Subsections of 11 U.S.C. § 523(a) describe types of debts that are not dischargeable in bankruptcy. Prior to BAPCPA, Section 523(a)(5) identified debts that were "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement..." *Id.*

Fla. 2007) (Section 522(c)(1) does not provide for disallowance of exemption nor does it authorize Chapter 7 trustee to administer exempt property because such property was not property of the estate); *In re Vandeventer*, 368 B.R. 50, 53 (Bankr. C.D. Ill. 2007) (same).

13. The military pension is not property of the estate, either because it is exempt or because it is Rosemarie's property. In either case, this Court does not have jurisdiction to determine rights relative to it.

14. In the unusual event this Court was found to have jurisdiction, it would nevertheless abstain from deciding the issue. Prior to BAPCPA, 28 U.S.C. § 1334(c)(1) stated that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *Id.*

15. In considering discretionary abstention, this Court would consider the following 12 factors: "(1) efficiency in the administration of the debtor's estate; (2) the extent to which state issues predominate over bankruptcy issues; (3) whether the issues involve difficult or unsettled questions of state law that would be better addressed by a state court; (4) the presence of a related proceeding commenced in state court; (5) the existence of a jurisdictional basis other than [Section] 1334; (6) the

degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court; (9) the burden of the federal court's docket; (10) the likelihood that the commencement of the proceeding in federal court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) whether non-debtor parties are involved in the proceeding." *See Hoge v. Moore (In re Railworks Corp.)*, 345 B.R. 529, 540, n. 6 (Bankr. D. Md. 2006) (Derby, J.).

16. For reasons already discussed, any decision by this Court on this issue would have no effect on the efficiency of the administration of the bankruptcy estate. Therefore, the first factor favors abstention.

17. The second factor involves whether state law issues predominate over federal law issues. The parties are requesting that this Court to interpret an order issued by a Pennsylvania state court. Accordingly, the second factor favors abstention.

18. The third factor involves the difficulties of determining state law. While the level of difficulty this case presents is debatable, this Court notes that the state court is the proper court and in the best position to interpret its own order. Accordingly, the third factor favors abstention.

19. The fourth factor is the presence of a related proceeding in state court, in this case, Rosemarie's complaint for divorce. Accordingly, this factor favors abstention.

20. The fifth factor is the certainty of jurisdiction under 28 U.S.C. § 1334. Having already determined that it lacks jurisdiction, this Court must of necessity find that jurisdiction in the state court is beyond dispute. This factor favors abstention.

21. The sixth factor is the degree of relatedness or remoteness to the bankruptcy case. As this controversy concerns the disputed ownership of a purportedly exempt asset between the debtor and one creditor, this factor favors abstention.

22. The seventh factor is the substance rather than form of an asserted "core" proceeding. Because the remaining count in the complaint more closely resembles a dispute over exempt property than a true claim of nondischargeability, this factor favors abstention.

23. The eighth factor is the feasibility of severing state law claims. As there is only one claim remaining, this factor is inapplicable.

24. The ninth factor is the burden on this Court's docket. This factor is not applicable because the burden is negligible.

25. The tenth factor is the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties.  Because at its origin the complaint involved many other counts that were appropriately within the subject matter jurisdiction of this Court, the issue of forum-shopping is remote.

26. The eleventh factor, the right to a jury trial, is not applicable.  Because the issue is one of mere interpretation of a divorce order, there is no such right.

27.  The twelfth factor, namely the presence of non-debtor parties, is not applicable, because the debtor is the defendant and the plaintiff, a creditor.

28. Considering all the factors, the Court will abstain.

29. Therefore, the plaintiff's motion for summary judgment will be denied on grounds of mootness.

30. However, this Court asserts that it has subject matter jurisdiction to decide whether John's obligations under Paragraph 18 of the DRO are dischargeable, and holds that they are not.  That count, which is premised upon a prepetition settlement of a debt for alimony, represents a classic complaint for nondischargeability under 11 U.S.C § 523(a)(5), to which John has offered no meaningful defense.  Accordingly, as to the debtor's obligations under Paragraph 18 of the DRO, this Court finds such obligations to be nondischargeable.

**WHEREFORE**, the motion to abstain will be GRANTED IN PART AND DENIED IN PART, the motion to strike will be DENIED AS MOOT, and the motion for summary judgment will be GRANTED IN PART AND DENIED IN PART AS MOOT.

*ORDER ACCORDINGLY.*

cc: Alan D. Eisler, Esquire
Meyers, Eisler & Leatham, LLC
11140 Rockville Pike
Suite 570
Rockville, Maryland  20852
Counsel to the Plaintiff

Rosemarie Jacobs
15 Pine Street
Dillsburg, Pennsylvania  17019-9445

Bud Stephen Tayman, Esquire
6301 Ivy Lane
Suite 140
Greenbelt, Maryland  20770
Counsel to the Defendant

John Webster Jacobs
4725 Rocks Road
Pylesville, Maryland  21132
Defendant